

**IT IS ORDERED as set forth below:**


**Date: March 2, 2018**

_____

**Mary Grace Diehl**
**U.S. Bankruptcy Court Judge**

_____

## UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF GEORGIA
## ROME DIVISION

| | | |
|---|---|---|
| In re: | &#124; | CASE NUMBER: |
| | &#124; | |
| **RHONDA T. EDEN** | &#124; | **17-40811-MGD** |
| | &#124; | |
| Debtor. | &#124; | Chapter 7 |
| _____ | &#124; | |
| | &#124; | |
| **CHRIS EDEN,** | &#124; | ADVERSARY PROCEEDING NO.: |
| | &#124; | |
| Plaintiff, | &#124; | **17-4025-MGD** |
| v. | &#124; | |
| | &#124; | |
| **RHONDA T. EDEN**, | &#124; | |
| | &#124; | |
| Defendant, | &#124; | |
| _____ | &#124; | |

## ORDER GRANTING IN PART AND DENYING IN PART MOTION TO DISMISS
## AND GRANTING LEAVE TO AMEND COMPLAINT AND CORRECT SERVICE

Before the Court is the *Motion to Dismiss* filed by Rhonda T. Eden ("Defendant") on

August 15, 2017 (the "Motion").  (Docket No. 4).  Chris Eden ("Plaintiff") filed *Plaintiff's*

*Opposition to Debtor's Motion to Dismiss* on August 28, 2017 (the "Response").

(Docket No. 6).  Plaintiff filed a complaint (Docket No. 1) (the "Complaint"), objecting to Defendant's discharge and the dischargeability of "certain debts" owed to Plaintiff.  The Complaint has six counts: (I) removing or concealing property which otherwise would have been available to pay debts, pursuant to 11 U.S.C. §§ 727(a)(2)(A) and (B)[1]; (II) failure to keep or preserve records pursuant to § 727(a)(3); (III) making false oaths pursuant to § 727(a)(4); (IV) failure to explain loss of assets to pay debts pursuant to § 727(a)(5); (V) obtaining money, renewal and extensions of credit by false pretenses, false representations and/or by actual fraud pursuant to §§ 523(a)(2)(A) or (B); and (VI) engaging in fraudulent transfers, fraudulent conveyances and false representations which inflicted willful and malicious injury pursuant to § 523(a)(6).  Complaint at *3-7.  Defendant seeks dismissal for insufficient service of process pursuant to Fed. R. Civ. P. ("F.R.C.P.") 12(b)(5). Motion at *2 ¶ 5-6.  Defendant also seeks dismissal of each of the six claims for failure to state a claim upon which relief can be granted pursuant to Fed. R. Bank. P. ("F.R.B.P.") 7012(b) and F.R.C.P. 12(b)(6).  Motion at *2-5.

Briefly, this Court concludes that although Plaintiff did not properly serve Defendant, Plaintiff is permitted the opportunity to re-serve Defendant.  Therefore, the Motion to Dismiss on the grounds of insufficient service of process is denied.  This Court also concludes that while Plaintiff has met the pleading burden for Counts II and III, Plaintiff has failed to meet the pleading burden for Counts I, IV, V, and VI.  The Court therefore dismisses without prejudice Counts I, IV, V, and VI pursuant to F.R.C.P. 12(b)(6).

## BACKGROUND

Plaintiff and Defendant are former spouses and former business partners. Complaint at *2 ¶ 6. Plaintiff alleges that he and the Defendant each hold a 50% interest in K&M Hardware, Inc. and Eden Oak Properties, LLC, (collectively, the "Shared Entities") and he is the sole member of

---

[1] Unless otherwise specified, all code references are to 11 U.S.C.

Tarene Farms, LLC.   Complaint at *2 ¶ 7.   Plaintiff alleges that Defendant breached her fiduciary duties with regard to the Shared Entities.   Complaint at *2 ¶ 6.   Plaintiff filed a state court action against Defendant for Accounting, Breach of Fiduciary Duty, and Fraud in Cherokee County Superior Court.   Complaint at *2 ¶ 7.   Plaintiff claims that Defendant was "skimming hundreds of thousands of dollars off of K&M Hardware . . . ."   Complaint at *2 ¶ 8.   Plaintiff also contends that Defendant's Amended Schedules falsely show that Defendant owns 100% of K&M Hardware, despite Defendant's alleged admission to the contrary at the § 341 meeting of creditors, and that Defendant destroyed documents stating that Plaintiff owns 50% of Eden Oak Properties.   Complaint at *2-3 ¶ 11-12.   Defendant denies all of these allegations.   Defendant's Answer (Docket No. 5), *passim*.   Defendant filed a motion to dismiss the complaint pursuant to F.R.C.P. 12(b)(5) and (6), applicable in this adversary proceeding through F.R.B.P. 7012. Motion at *1.   First, this Order will address the Motion to Dismiss for insufficient service of process under F.R.C.P. 12(b)(5).   It will then address which of Plaintiff's claims satisfy their respective pleading requirements and state a claim for which relief can be granted under F.R.C.P. 12(b)(6).

## I.    Insufficient Service of Process

Defendant first moved for dismissal for insufficient service of process, pursuant to F.R.B.P. 7004 and 7012(b)(5), because Plaintiff failed to serve both Defendant and Defendant's counsel.   Motion at *2.   There is no Certificate of Service attached to the Complaint or filed on the Docket.   *See* Docket (*passim*).   Plaintiff asserts in the Response that "Debtor was mailed a copy of the Complaint and co-counsel of record, as noted in Debtor's lead bankruptcy case, was noticed by Plaintiff of the attempt to commence this action."   Response at *3.[2]   Plaintiff also

---

[2] In the Response, as quoted above, Plaintiff referred to Debtor's "co-counsel of record as noted in Debtor's lead bankruptcy case" but according to the records the Court is viewing, Debtor only ever had one counsel of record in

asserts that he has cured any deficiency in service by "serving Defendant and her counsel concurrently" with the filing of the Response.  Response at *3.  There is no certificate of service on the docket evincing this.  *See* Docket, *passim*.

A plaintiff may serve a defendant "by mailing a copy of the summons and complaint . . . ."  FED. R. BANKR. P 7004(b)(9).  Plaintiff claims to have mailed a copy of the complaint to Defendant.  Response at *3.  A summons was also issued on Defendant.  (Docket No. 3).  F.R.B.P. 7004(g), however, requires that "[i]f the debtor is represented by an attorney, whenever service is made upon the debtor under this Rule, service shall also be made upon the debtor's attorney by any means authorized under [F.R.C.P.] 5(b)."  FED. R. BANKR. P 7004(g).  Plaintiff claims that he "noticed" Defendant's "co-counsel" of record, but nothing in the record shows that Defendant's attorney was served with a copy of the complaint and summons. *See* Docket, *passim*.

Plaintiff asserts that the Motion to Dismiss should be denied for insufficienct service of process because "[a] material prejudice must be shown before service of process may be found to have been improper, in the context of bankruptcy."  Response at *2 (citing *Gustin v. Graham (In re Graham)*, 6 B.R. 219 (Bankr. N.D. Ga. 1980) (Kahn, J.)).  In *Graham*, the plaintiff served the defendant's attorney of record but failed to serve the defendant.  *Id.* at 219.  The court denied the defendant's motion to dismiss for insufficient service of process because the defendant "[had] not fallen into default . . . [had] filed several pre-answer motions, and . . . filed a formal answer . . . ." *Id.* at 220. The court determined that "no prejudice, material or otherwise, had resulted from the plaintiff's failure to serve the complaint properly."  *Id.*   Relying on that principle, Plaintiff further asserts that, in adversary proceedings, "to allow a [p]laintiff to rely upon information

this case, Brian Limbocker, so it is not clear who the "co-counsel" is that Plaintiff is referring to here.  *See* 17-40811 Docket, *passim.*

already placed in related proceeding court files regarding a debtor/[d]efendant for purposes of service of process is wholly sensible and fair."  Response at *3 (quoting *Graham, 6* B.R. at 220) (quotation marks omitted).

While *Graham* has not been overturned, it is no longer technically applicable because the court relied on F.R.B.P. 704(h), which does not exist in the current rules.  Then-F.R.B.P. 704(h) stated that "[s]ervice of process under this rule shall be effective notwithstanding an error in the papers served or the manner or proof of service if no material prejudice resulted therefrom to the substantial rights of the party against whom the process issued."  *Graham,* 6 B.R. at 220 (quoting F.R.B.P. 704(h)).  No close analog to this rule exists in the current F.R.B.P. or F.R.C.P.  The "material prejudice" standard, as presented by Plaintiff, is therefore not determinative.

While Plaintiff did not properly serve Defendant because he did not mail Defendant's attorney a copy of the complaint and summons, he did provide Defendant with "actual notice" of the pending adversary proceeding.  Response at *3.  *See Hechinger Liquidation Trust v. Porter-Cable Corp.* (*In re Hechinger Inv. Co. of Del., Inc.*), 308 B.R. 683 (Bankr. D. Del. 2003).  In *Hechinger*, the Plaintiff failed to serve a corporate defendant in accordance with F.R.B.P. 7004(b)(3) because the person to whom he mailed the summons and complaint no longer worked for the defendant.  *Id.* at 686.  The recipient's wife signed the mail return receipt, and the defendant corporation filed a motion to dismiss less than two months later.  *Id.* at 686-67.  The court found that "despite Hechinger's inadequate service, [defendant] clearly had actual knowledge" of the action because "knowledge that [defendant] was a defendant in a preference action was quickly passed on to the appropriate persons," and "[defendant] retained counsel to defend the action."  *Id.* at 687.  The court denied defendant's motion to dismiss and allowed the plaintiff twenty days to effectuate proper service.  *Id.* at 688-9.

Like the defendant in *Hechinger*, Defendant in this case received actual notice of this adversary proceeding and was able to file a response; the Motion to Dismiss was filed on August 15, 2017, less than one month after the Complaint was filed.  As a result, while the concept of "material prejudice" may be inapplicable, the fact that Defendant had actual notice of the pending suit suggests that dismissal is unwarranted.  *See Teitelbaum v. Equitable Handbag Co. (In re Outlet Dep't Stores, Inc.),* 49 B.R. 536, 540 (Bankr. S.D.N.Y. 1985) (holding that "the standards for service on individuals and corporations are to be liberally construed to further the purpose of finding personal jurisdiction in cases in which the party has received actual notice"); *Wallace v. Shapiro* (*In re Shapiro*), 265 B.R. 373, 378 (Bankr. E.D.N.Y. 2001) (quoting *Teitelbaum*).  This concept aligns with the Supreme Court's guidance that notice must be "reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections."  *Mullane v. Cent. Hanover Bank & Trust Co.*, 339 U.S. 306, 314, 70 S.Ct. 652, 94 L.Ed. 865 (1950). If Defendant had actual notice, dismissing this proceeding for insufficient service of process may "elevat[e] technicalities over merits" and run contrary to "[F.R.B.P.] 1001's command to 'secure the just, speedy and inexpensive determination of every case and proceeding . . . .'"  *RREF RB SBL-GA, LLC v. Hollis* (*In re Hollis*), Case No. 15-40141-MGD, Adv. Proc. No. 15–4030-MGD, 2016 WL 908049, *3, 2016 Bankr. LEXIS 733 (Bankr. N.D.Ga. Feb. 3, 2016) (Diehl, J.).

Defendant may still be properly served.  A court may "ordinarily exercise its discretion to deny a motion to dismiss for lack of proper service and permit a plaintiff the opportunity to effectuate proper service, especially when the [ninety-day] period provided by Rule 4(m) for service of a complaint and summons has not yet expired."  *Houchins v. Wells Fargo Bank, N.A.* (*In re Houchins*), Case No. 14-11928-WHD, Adv. Proc. No. 14-1053-WHD, 2015 WL 730436,

at *2, 2015 Bankr. LEXIS 563 (Bankr. N.D.Ga. Feb. 3, 2015) (Drake, J.); FED. R. CIV. P 4(m), made applicable by FED. R. BANKR. P 7004(a).  In this case, the complaint was filed on July 17, 2017, and the time to effectuate proper service expired on October 16, 2017.[3]  However, as this matter was under consideration by the Court on that date, good cause exists for the Court to allow Plaintiff an extension under F.R.C.P. 6(b).

Courts have the discretion to extend the time to perfect service, regardless of whether there is good cause. *Florida Outdoor Equipment v. Deresinski* (*In re Deresinski*), 214 B.R. 35, 37 (Bankr. M.D. Fla. 1997) (citing *Petrucelli v. Bohringer and Ratzinger,* 46 F.3d 1298 (3d Cir. 1995); *Panaras v. Liquid Carbonic Indus. Corp*., 94 F.3d 338, 340 (7th Cir. 1996); *Thompson v. Brown*, 91 F.3d 20, 21 (5th Cir. 1996); *Espinoza v. United States*, 52 F.3d 838, 840-41 (10th Cir. 1995)).  In *Deresinski*, the court found that the plaintiff had not properly served the defendant within the time set forth in F.R.C.P. 4(m), but used its discretion to grant the plaintiff ten extra days to perfect service.  *Deresinski,* 214 B.R. at 38.  The court did not need to decide whether good cause existed, because "[t]o dismiss the . . . complaint in these circumstances would elevate the technicalities of service of process over the reality that the Debtor can be served properly and that he has had actual notice of the complaint despite the improper service." *Id.* (quoting *Kleiner v. Daboul* (*In re Daboul*), 82 B.R. 657, 661 (Bankr. D. Mass. 1987)) (quotation marks omitted). As the facts in the present case are analogous to those in *Deresinski*, especially regarding actual notice, a similar result is warranted.

In summary, Plaintiff did not properly serve Defendant, and the time limit to properly do so under F.R.C.P. 4(m) has expired.  However, this Court has been reluctant to elevate technicalities over merits, and dismiss a case on a procedural deficiency that may yet be

---

[3] The true end of the 90-day period, October 15, 2017, was a Sunday. F.R.C.P. 6(a)(1)(C) states that if the end of a statutory period falls on a Sunday, the deadline period continues to run until the end of the next business day.

remedied.  In this case, Defendant received actual notice of this proceeding, and has been apprised of its pendency.  *Mullane*, 339 U.S. at 314.  Defendant has also been afforded, and indeed utilized, an opportunity to present his objections.  *Id.*  The procedural deficiency may therefore be remedied without prejudicing Defendant.  As a result, this Court will allow Plaintiff an extension to properly serve Defendant.  The Motion to Dismiss on the grounds of insufficient service of process is therefore denied.

## II.    Dismissal for Failure to State a Claim Upon Which Relief Can Be Granted

Defendant next asserts that this proceeding should be dismissed because Plaintiff has failed to state a claim upon which relief can be granted.  Motion at *4.  Defendant asserts that for each of Plaintiff's six counts, Plaintiff "can prove no set of facts in support of the claims which would give them[sic] relief."  Motion at *5.  There are two general categories of pleading standards: the "normal" standard that applies to most claims and the "heightened" standard that applies to claims such as fraud, as set forth in F.R.C.P. Rule 9(b).  As will be set forth below, Counts II, IV and VI are measured by the normal pleading standard, while Count V is subject to the heightened pleading standard.  Counts I and III must satisfy standards modified to fit the practicalities of their respective claims.  Only Counts II and III meet their respective standards.

### A.  Normal and Heightened Pleading Standards

The Supreme Court outlined the "normal" pleading standard a plaintiff must meet to satisfy F.R.C.P. 8(a)(2) in *Bell Atlantic Corporation v. Twombly* and *Ashcroft v. Iqbal.*  In the latter case, the court held that "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L.Ed.2d 868 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L.Ed.2d 929 (2007)).  Further, "[a]

claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S at 662, (citing *Twombly*, 550 U.S. at 556). Finally, the plaintiff must provide more than "a formulaic recitation of the elements of a cause of action . . . ." *Twombly*, 550 U.S. at 555; *accord Am. Dental Ass'n v. Cigna Corp.*, 605 F.3d 1283, 1290 (11th Cir. 2010). Thus, as applied in the Northern District of Georgia, "the Plaintiff's complaint must state sufficient factual allegations to infer each element of the cause of action asserted*." Bank of Am. v. Seligman* (*In re Seligman*), 478 B.R. 497, 501–02 (Bankr. N.D.Ga. 2012) (Ellis-Monro, J.) (citation omitted).

The "heightened" pleading standard, found at F.R.C.P. Rule 9(b) and incorporated by F.R.B.P. Rule 7009, requires a party alleging fraud to "state with particularity the circumstances constituting fraud or mistake." FED. R. CIV. P. 9(b); FED. R. BANKR. P. 7009. Rule 9(b) also holds that "[m]alice, intent, knowledge, and other conditions of a person's mind may be alleged generally." *Id.* In the Eleventh Circuit, Rule 9(b) is satisfied if the complaint sets forth:

> (1) precisely what statements were made in what documents or oral representations or what omissions were made, and (2) the time and place of each such statement and the person responsible for making (or, in the case of omissions, not making) same, and (3) the content of such statements and the manner in which they misled the plaintiff, and (4) what the defendants obtained as a consequence of the fraud.

*Tello v. Dean Witter Reynolds, Inc.,* 494 F.3d 956, 972 (11th Cir. 2007) (quoting *Ziemba v. Cascade Int'l, Inc.*, 256 F.3d 1194, 1202 (11th Cir. 2001) (quoting *Durham v, Bus. Mgmt. Assocs.*, 847 F.2d 1505, 1511 (11th Cir. 1988))) (quotation marks omitted).

### B. Count I - Plaintiff Has Not Sufficiently Pled a Claim Under §§ 727(a)(2)(A) and (B)

In Count I, Plaintiff seeks to deny discharge under §§ 727(a)(2)(A) and (B) for removing or concealing property otherwise available to pay debts. Doc 1, at *3. Plaintiff alleges that

"[Defendant], with intent to hinder, delay or defraud a creditor removed, destroyed or concealed or permitted the transfer, removal, destruction or concealment of his property, property which otherwise would have been available to pay Debtor's indebtedness . . . ." *Id.* Defendant claims that "[P]laintiff has not disclosed what property is in question nor if the property in question was transferred, removed, destroyed, mutilated or concealed." Doc 4, at *3 ¶ 10.

A claim under § 727(a)(2) requires two elements to be met: "(1) a transfer or concealment of property of the [debtor] or the estate and (2) an improper intent (i.e., a subjective intent to hinder, delay, or defraud a creditor)." *Peach State Bank & Trust v. Riddle* (*In re Riddle*), Case No. 14-53381-BEM, Adv. Proc. No. 14-5174-BEM, 2015 WL 1038473, *3, 2015 Bankr. LEXIS 784 (Bankr. N.D. Ga. Mar. 2, 2015) (Ellis-Monro, J.). The related transfer or concealment "can be either within one year of the petition or post-petition." *Id.* (quoting *Parnes v. Parnes* (*In re Parnes*), 200 B.R. 710, 713 (Bankr. N.D. Ga. 1996)) (quotation marks omitted). Plaintiff's alleges that Defendant was "skimming off money from the shared companies," and alleged that Defendant has not disclosed those transfers. Further, Plaintiff's Response alleges that Defendant converted income from the Shared Entities and used it for her own benefit. Response at *5. Neither the Complaint or Response set forth any details of how Defendant used that converted income for her own benefit, or that she hid that income from creditors. *See* Complaint and Response, *passim.* Plaintiff does assert that the "property . . . otherwise would have been available to pay Debtor's indebtedness to RLBB." Complaint at *3 ¶ 14.[4] The assertion that Defendant did not pay her indebtedness to one creditor, however, does not automatically imply that the property was not used to pay off indebtedness on higher priority debts, or was otherwise used improperly.

---

[4] "RLBB" does not appear to be defined anywhere in the Complaint.

Here, Plaintiff asserts that Defendant used her control over shared business entities to "divert assets . . . and enlarge [Defendant's] equity in various properties and assets."  Complaint at *3 ¶ 15.  Plaintiff has *not* alleged that Defendant has removed, destroyed, mutilated, or concealed *her assets or assets of the estate*, but rather the opposite; that Defendant has *enlarged* her assets (which are now assets of the estate).  If the allegations set forth in the complaint are taken as true, then Defendant may have misrepresented that she had a larger share of ownership in the Shared Entities, but Plaintiff has not alleged that Defendant concealed *her own or the estate's* interests in the entities.  Section 727(a)(2) is clear in that it requires a debtor to hinder, delay, or defraud a creditor by removing, destroying, mutilating, or concealing "property of the debtor" or "property of the estate."  Given that Plaintiff is not the debtor in this case, removing, destroying, mutilating, or concealing *Plaintiff's* property is not removing, destroying, mutilating, or concealing property of the debtor or the estate.  Therefore, Plaintiff has failed to properly state a claim for relief pursuant to § 727(a)(2)(A) or (B).  Accordingly, the Motion to Dismiss is granted as to Count I for failure to state a claim.

### C.  Count II - Plaintiff Sufficiently Pled a Claim Under § 727(A)(3)

In Count II, Plaintiff alleges that Defendant "failed to keep or preserve books and records from which her financial condition might be ascertained in violation of 11 U.S.C. § 727(a)(3)."  Complaint at *4 ¶ 21.  Defendant claims that the Complaint did not sufficiently identify the records in question.  Motion at *3-4 ¶ 11.

"To establish a prima facie action under § 727(a)(3), a plaintiff must show by a preponderance of evidence that: (1) the debtor failed to keep or preserve adequate records, and (2) that such failure makes it impossible to ascertain the debtor's financial condition."  *Seligman*, 478 B.R. at 504 (citing *Menotte v. Moore (In re Moore)*, 375 B.R 696, 702 (Bankr. S.D. Fla.

2007)).  A party does not need to prove a debtor's intent to commit fraud to object to discharge based on inadequate books and records.  *Id.*  (citing *Calisoff v. Calisoff* (*In re Calisoff*), 92 B.R. 346, 356 (Bankr. N.D. Ill. 1988)); *see also White v. White* (*In re White*), 568 B.R. 894, 911 (Bankr. N.D.Ga. 2017) (Hagenau, J.)  As such, Count II must satisfy the normal pleading standard.

In *Seligman*, the plaintiff's only allegation in reference to its § 727(a)(3) claim was that plaintiff was unable "to ascertain the whereabouts of a significant amount of wages."  *Seligman*, 478 B.R. at 504. The court held that "it is possible to reasonably infer that it is not possible to discern Defendants' financial condition" sufficient to deny the motion to dismiss for failure to state a claim.  *Id.*

Similarly, Plaintiff here alleges, *inter alia*, that Defendant made transactions to her benefit, and did not keep records documenting them.  Complaint at *2 ¶ 8, *4 ¶ 22.  As a result her financial condition cannot be ascertained.  Complaint at *2 ¶ 8, *4 ¶ 22.  Plaintiff specifically refers to a lack of records related to "the proceeds received from, *inter alia*, the [Shared Entities] Transactions."  Complaint at *4 ¶ 22.  Taken as true, these allegations satisfy both elements of § 727(a)(3) because they allow a reasonable inference that Defendant failed to keep records and that it is not possible to discern Defendant's financial condition.  Count II therefore satisfies the pleading standard outlined by *Twombly* and *Iqbal*.  Accordingly, the Motion to Dismiss is denied as to Count II on the grounds of failure to state a claim.

### D.  Count III - Plaintiff Sufficiently Pled a Claim Under § 727(a)(4)

In Count III, Plaintiff alleges that Defendant "knowingly and fraudulently made false oaths in connection with [her] bankruptcy case in violation of 11 U.S.C. § 727(a)(4)." Complaint at *5 ¶ 27. The allegedly false oaths include "failing to disclose numerous fraudulent transfers

12

and retention of a concealed interest in same," and misrepresenting the "extant [*sic*] and nature of Plaintiff's co-ownership of [the Shared Entities]." Complaint at *5 ¶ 28- 29. Plaintiff claims that "[a]lthough [Defendant] admitted that she executed a document granting Plaintiff 50% membership in K&M Hardware, LLC at the 341 Meeting of Creditors, she now claims in Amended Schedules A, B, and C the she owns 100%." Complaint at *2 ¶ 11. Defendant claims that Plaintiff has not "[pled] the specific time, place and contents of the alleged false statement as well as what the person obtained from making the alleged statement." Motion at *4 ¶ 12.

"To justify denial of a discharge under § 727(a)(4)(A) the false oath alleged must be (1) fraudulent, and (2) material." *Riddle*, 2015 WL 1038473 at *3 (citing *Swicegood v. Ginn*, 924 F.2d 230, 232 (11th Cir. 1991)). Fraud is an element of a claim under § 727(a)(4)(A) and therefore a plaintiff must meet the heightened pleading requirement of Rule 9(b). *Penn v. Saye (In re Saye)*, Case No. 15-51671-MGD, Adv. Proc. No. 15-5389-MGD, 2016 WL 908075 at *4, 2016 Bankr. LEXIS 734 (Bankr. N.D.Ga. Mar. 2, 2016) (quoting *Riddle*, 2015 WL 1038473 at *3). Despite that, in connection with allegations about omissions from a debtor's schedules in connection with a § 727(a)(4)(A) claim, "less particularity is required." *Riddle*, 2015 WL 1038473 at *3; *see also Smith v. Smith (In re Smith)*, 489 B.R. 875, 891 (Bankr. M.D.Ga. 2013) (holding that "the particularity required for § 727(a)(4)(A) claims is less than that for other types of fraud claims[,]" and only requires a statement made under oath, knowingly false, made with fraudulent intent, and material to the bankruptcy case).

In *Smith*, the plaintiff alleged that the debtor made a misrepresentation as to the percentage of ownership in real property in the debtor's schedules (statements under oath), in which the debtor asserted a 10% ownership when his interest was at least 50%. *Smith*, 489 B.R. at 896. Based on that allegation, the court found that the plaintiff alleged fraud with sufficient

particularity because the debtor knew "what he is alleged to have done, what property is at issue, what documents are in play, and what is at stake." *Id.* at 897.  There, the court used a less rigorous pleading standard than the four-part one set forth by the Eleventh Circuit in *Tello*, holding that "if a plaintiff alleges omissions from bankruptcy schedules, it is senseless to speak of the time and place of the misrepresentations, or the manner in which the statements misled the plaintiff, or what the debtor gained as a result of the misrepresentations." *Id.* at 896-97. The court focused on whether the defendant could "meaningfully respond to the complaint." *Id.* at 897.

Under this standard, Plaintiff has pled with sufficient particularity to allow Defendant to meaningfully respond to the complaint as to Count III.  Like the plaintiff in *Smith*, Plaintiff here, at a minimum, has sufficiently alleged false oaths in a "specific place on a tangible item," either on Defendant's Schedules or at the § 341 meeting.  Complaint at *2 ¶ 11.  *See Smith*, 489 B.R. at 897.  Further, like those in *Riddle*, the allegations "put Defendant on notice of what [she] is alleged to have omitted from the Schedules[,]" namely, that Defendant allegedly lied about the size of her ownership interest in the Shared Entities, either on her Schedules and/or in the § 341 meeting.  Complaint at *2-3 ¶ 11-12.  *Riddle*, 2015 WL 1038473 at *3.  The facts alleged are enough to allow Defendant to know "what is at stake" and to "meaningfully respond to the complaint."  *Smith*, 489 B.R. at 896-97.  When taken as true, such omissions or misrepresentations support an inference of fraudulent intent.  *Id.*  Accordingly, the Motion to Dismiss is denied as to Count III on the grounds of failure to state a claim under the special pleading standard used in *Riddle* and *Smith*.

### E.  Count IV - Plaintiff has not Sufficiently Plead a Claim Under § 727(a)(5)

In Count IV, Plaintiff alleges that Defendant "failed to explain satisfactorily a loss of assets to meet her liabilities in violation of 11 U.S.C. § 727(a)(5)." Complaint at *6 ¶ 36.

Defendant claims that "plaintiff only recites the elements of the claim[,]" and therefore the count should be dismissed for failure to state a claim upon which relief could be granted. Motion at *4 ¶ 13.

> To deny a discharge under § 727(a)(5), the plaintiff must prove that:
>
> (1) debtor at one time, not too remote from the bankruptcy petition date, owned identifiable assets; (2) on the date the bankruptcy petition was filed or order of relief granted, the debtor no longer owned the assets; and (3) the bankruptcy pleadings or statement of affairs do not reflect an adequate explanation for the disposition of the assets.

*In re White*, 568 B.R. 894, 913 (Bankr. N.D. Ga. 2017) (Hagenau, J.) (quoting *Olympic Coast Inv., Inc. v. Wright* (*In re Wright*), 364 B.R. 51, 74 (Bankr. D. Mont. 2007); *Hawley v. Cement Industries, Inc.* (*In re Hawley*), 51 F.3d 246, 249 (11th Cir. 1995)) (quotation marks omitted). There is no requirement under § 727(a)(5) that a plaintiff prove that a debtor acted fraudulently or intentionally. *Aoki v. Atto Corp.* (*In re Aoki*), 323 B.R. 803, 817 (B.A.P. 1st Cir. 2005). Plaintiff therefore must only satisfy the normal pleading standard to defeat a motion to dismiss for failure to state a claim.

Despite not requiring a heightened pleading standard, Plaintiff has nonetheless failed to sufficiently plead the first two elements of §727(a)(5). Plaintiff has alleged that the Defendant "skimmed" money off of the Shared Entities, and that the Defendant has failed to explain satisfactorily the "loss" of those assets.  Complaint at *6 ¶ 36.  Plaintiff's argument fails because he has not adequately identified the assets in question, nor that they have been lost.  Notably, no specific dollar amounts besides "hundreds of thousands of dollars" appear in the Complaint. Complaint at *2 ¶ 8, and *passim*. Plaintiff's argument is that Defendant "skimmed" money off of the Shared Entities.  Complaint at *2 ¶ 8.  Beyond asserting that Defendant "skimmed" the money, Plaintiff has not set forth any specific allegations as to where that money is now, or on

what it was spent.  *See* Complaint; Response, *passim.*   Taken as true, Plaintiff's allegations standing alone cannot satisfy any of the elements of § 727(a)(5) because Plaintiff does not identify which assets were lost, nor that Defendant no longer owned the assets at the time she filed for bankruptcy.  Without "identifiable assets," to trace or that she no longer owned those assets, as required by elements 1 and 2, Plaintiff cannot show that that the bankruptcy pleadings or statement of affairs do not reflect an adequate explanation for the disposition of the assets (element 3).  Accordingly, the Motion to Dismiss is granted as to Count IV on the grounds of failure to state a claim.

### F. Count V - Plaintiff did not Sufficiently Plead a Complaint to Determine Non-Dischargeability of Debt Pursuant to § 523(a)(2)(A) or (B)

In Count V, Plaintiff claims that Defendant "obtained money, renewal, and extensions of credit by false pretenses, by false representations and/or by actual fraud within the definition of non-dischargeability of debts contained in 11 U.S.C. § 523(a)(2)." Complaint at *6 ¶ 39. Defendant did this, Plaintiff claims, by "perpetuat[ing] an actual fraud upon Plaintiff by engaging in a fraudulent transfer scheme whereby she transferred away assets so as to render those assets beyond the reach of Plaintiff's efforts to satisfy Debtor's indebtedness to him." *Id.* at ¶ 40. Defendant asserts that "the plaintiff has not shown that there is a debt, the amount of the debt, what the debt is for nor has the plaintiff shown fraud." Motion at *4 ¶ 14.

This Court held in *Old Republic Nat. Title Ins. Co. v. Presley* (*In re Presley*) that:

[t]he elements of [§ 523(a)(2)(A)] are the same as required for common law fraud. They are as follows: "(1) the debtor made a false representation with the intention of deceiving the creditor; (2) the creditor relied on the false representation; (3) the reliance was justified; and (4) the creditor sustained a loss as a result of the false representation."

490 B.R. 633, 638–39 (Bankr. N.D.Ga. 2013) (Diehl, J.) (quoting *Taylor v. Wood* (*In re Wood*),

245 F. App'x 916, 917–18 (11th Cir. 2007)). The heightened pleading standard of F.R.C.P. 9(b)

therefore applies to claims under § 523(a)(2)(A).

In *Presley*, the plaintiff had "satisfy[ied] the heightened pleading standard of Rule 9(b)

[by] detail[ing] various transactions [and] identifying the specific misrepresentations made by

Defendants. . . ." 490 B.R at 639.  Here, Plaintiff merely states that Debtor violated §523(a)(2)

by engaging in a fraudulent transfer scheme with fraudulent intent.  No particularity is pled with

regard to specific misrepresentations or transactions made by Defendant, the reliance of any

party on that misrepresentation, or the intent to commit fraud, but instead the claim is just pled

generally.  The Response claims that "the Complaint specifically alleges that [Debtor] converted

the operating income. . . to her own use and benefit. . . ." Response at *7.  This is a liberal

reading of the complaint, and even if this is an accurate reading, it still does not set forth

sufficient particularity to meet the heightened requirements of Rule 9(b). The only claim in the

Complaint explaining any action taken by Debtor is found in paragraph eight, which states that

Debtor was "skimming hundreds of thousands of dollars off" of the Shared Entities. Complaint

at *2 ¶ 8. If the allegations are taken as true, none of the four elements of §523(a)(2)(A) are

sufficiently alleged to meet either pleading standard.

In addition to not meeting the pleading requirements for a claim under § 523(a)(2)(A),

Plaintiff has not pled any facts to establish a claim pursuant to § 523(a)(2)(B) at all. To plead a

claim pursuant to § 523(a)(2)(B), a party must show that:

> [T]he debtor owes the creditor a debt for money, property, or the extension of
> credit that was obtained by the debtor through the use of: (1) a written statement;
> (2) the written statement was materially false; (3) the written statement concerns
> the debtor's financial condition; (4) the plaintiff reasonably relied on the
> statement; and (5) the debtor published the writing with the intent to deceive the
> plaintiff.

*Hurston v Anzo* (*In re Anzo*), 547 B.R. 454, 465 (Bankr. N.D.Ga. 2016) (Sacca, J.) (citing *Bank of N. Ga. v. McDowell* (*In re McDowell*), 497 B.R. 363, 369 (Bankr. N.D.Ga. 2013)) (Drake, J.).

In *Field v Mans*, the Supreme Court held that § 523(a)(2)(A) and (B) are distinct causes of action, and noted the "historically persistent textual difference between the substantive terms in §§ 523(a)(2)(A) and (B): the former refer to common-law torts, and the latter do not." *Field v. Mans*, 516 U.S. 59, 68–69, 116 S. Ct. 437, 443, 133 L. Ed. 2d 351 (1995). Here, while Plaintiff included §523(a)(2)(B) in the heading for Count V, he did not enumerate its elements. At least one court has held that a "mere citation to '§ 523(a)(2)' is insufficient to plead both causes of action, particularly where there is no reference to one of them— § 523(a)(2)(B)—and the other is quoted verbatim." *Material Prods. Intl. v Ortiz* (*In re Ortiz)*, 441 B.R. 73, 82 (Bankr. W.D. Tex. 2010).

As discussed above, Plaintiff's allegations as to what Defendant specifically did are threadbare. The allegations, if taken as true, do not give rise to a claim under either §523(a)(2)(A) or (B) because Plaintiff has not identified a statement in writing, reliance, that such reliance was justified, or an intent to deceive. *See* Complaint, *passim.* The claim has therefore not been pled with sufficient particularity. Accordingly, the Motion to Dismiss is granted as to Count V on the grounds of failure to state a claim.

### G. Count VI - Plaintiff's Claim for Denial of Discharge Cannot Proceed Under § 523(a)(6) because Debts Caused by Fraud are Covered by Section 523(a)(2)

In Count VI, Plaintiff alleges that Defendant "engaged in fraudulent transfers, fraudulent conveyances and false representations which inflicted willful and malicious injury on Plaintiff . . . ." Complaint at *7 ¶ 45. Defendant moves for dismissal for three reasons: (1) § 523(a)(6) does not apply to a debt arising from fraud, citing *IndyMac Bank, F.S.B. v. Mitchell*

(*In re Mitchell*), Case No. 04-92943, Adv. Proc. No. 04-6555, 2005 Bankr. Lexis 1924, at *9, 2005 WL 6487215 (Bankr. N.D.Ga. Aug. 16, 2005) (Massey, J.); (2) Plaintiff has not alleged that Defendant intended to cause an injury; and (3) there are no facts that support the claim. Motion at *5 ¶ 15.

Section 523(a)(6) excepts debts from discharge if the debt is "for willful and malicious injury by the debtor to another entity or to the property of another entity." 11 U.S.C. § 523(a)(6). "An injury is willful when the injury itself was 'deliberate or intentional' and not merely the result of an intentional act that resulted in injury." *Wells Fargo Bank, N.A. v. Sutton* (*In re Sutton*), 557 B.R. 831, 836 (Bankr. N.D.Ga. 2016) (Ellis-Monro, J.) (citing *Kawaauhau v. Geiger*, 523 U.S. 57, 61–62, 118 S.Ct. 974, 140 l.Ed.2d 90 (1998)); *see also Kane v. Stewart Tilghman Fox & Bianchi Pa (In re Kane)*, 755 F.3d 1285, 1293 (11th Cir. 2014) (quoting *Maxfield v. Jennings (In re Jennings)*, 670 F.3d 1329, 1334 (11th Cir. 2012)). "An injury is malicious when it is 'wrongful and without just cause or excessive even in the absence of personal hatred, spite or ill-will.'" *Sutton*, 557 B.R. at 836 (quoting *Hope v. Walker* (*In re Walker*), 48 F.3d 1161, 1164 (11th Cir. 1995)).

Absent a showing that Defendant not just committed fraud willfully and maliciously, but that the resulting injury was intentionally willful and malicious, Defendant is correct that § 523(a)(6) "does not pertain to debts for general financial injury caused by fraud because such debts are covered by § 523(a)(2)." *Mitchell*, 2005 Bankr. Lexis 1924, at *9. Interpreting § 523(a)(6) to cover any or all injuries resulting from fraud that was committed willfully and maliciously "would render § 523(a)(2) completely superfluous." *Id.* Therefore, based on the allegations contained within the Complaint, Plaintiff's objection to Defendant's discharge on a basis of "fraudulent transfers, fraudulent conveyance and false representations," is a claim under

§ 523(a)(2), not § 523(a)(6).  Comkplaint at *7 ¶ 45. Accordingly, the Motion to Dismiss is granted as to Count VI on the grounds of failure to state a claim.

### H.  The Court May Dismiss with Leave to Amend

Federal Rule of Civil Procedure 15(a)(1) provides that

> A party may amend its pleading once as a matter of course within: (A) 21 days after serving it, or (B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier.

F.R.C.P. 15(a)(1).  Courts have discretion whether to allow an amendment if the pleading is not amended within such time as a matter of course.  F.R.C.P. 15(a)(2); *Bernstein v. Gailey (In re Gailey, Inc.)*, 119 B.R. 504, 508 (Bankr. W.D. Pa. 1990).  The generally accepted rule is that courts should only deny leave to amend if a substantial reason exists, such as (i) undue prejudice to the defendant; (ii) bad faith of the plaintiff; (iii) an amendment would cause undue delay; or (iv) if any amendment would be futile.  *Foman v. Davis*, 371 U.S. 178, 182, 82 S. Ct. 227, 9 L.Ed.2d 222 (1962); *Laurie v. Ala. Ct. of Crim. App.*, 256 F.3d 1266, 1274 (11th Cir. 2001); *Evans v. Syracuse City School Dist.*, 704 F.2d 44, 46 (2nd Cir. 1983); *Vu v. Ankoanda (In re Ankoanda)*, 495 B.R. 599 (Bankr. N.D. Ga. 2013)(Diehl, J.).  "Where a more carefully drafted complaint might state a claim, a plaintiff must be given at least one chance to amend the complaint before the district court dismisses the action with prejudice." *Bryant v. Dupree*, 252 F.3d 1161, 1163 (11th Cir. 2001) (quoting *Bank v. Pitt*, 928 F.2d 1108, 1112 (11th Cir.1991)). Refusing to grant leave without any substantial reason has been deemed to be an abuse of discretion and inconsistent with the spirit of the Federal Rules.  *Foman*, 371 U.S. at 182.

The Eleventh Circuit did limit this principle, holding that a court "is not *required* to grant a plaintiff leave to amend his complaint sua sponte when the plaintiff, who is represented by counsel, never filed a motion to amend nor requested leave to amend before the district court."

*Wagner v. Daewoo Heavy Indus. Am. Corp.,* 314 F.3d 541, 542 (11th Cir. 2002) (*en banc*) (emphasis added). That limitation notwithstanding, this Court has since held that "[t]here must be a 'justifying reason' for a court to deny leave." *Kidd v. Student Loan Xpress, Inc.* (*In re Kidd*), No. 09-6507, 2012 WL 909691, at *2, 2012 Bankr. LEXIS 1106 (Bankr. N.D. Ga. 2012) (Diehl, J.) (citing *Foman v. Davis*, 371 U.S. 178, 182, 83 S.Ct. 227, 9 L.Ed.2d 222 (1962)).

Here, there is no justifying reason. None of these factors apply to the claims at issue. There has been no delay, bad faith, dilatory motive, or repeated failure to cure deficiencies; Plaintiff has only filed the Complaint and the Response, the latter of which was filed less than two weeks after Defendant filed the Motion to Dismiss. *See* Docket, *passim*. Further, it is not certain that any amendment would cause undue prejudice to Defendant. Defendant has been made aware of the general nature of Plaintiff's allegations, and at this early stage of litigation, will have ample time to respond to them. Finally, it is not certain that amendments would be futile because either newly discovered evidence or a more carefully drafted and specific complaint may satisfy the pleading standards for Counts I, IV, V, and VI.

Accordingly, it is

**ORDERED** that the Motion is **DENIED** on the grounds of insufficient service of process; and it is further

**ORDERED** that the Motion is **DENIED** on the grounds of failure to state a claim as to Counts II and III; and it is further

**ORDERED** that the Motion is **GRANTED** on the grounds of failure to state a claim as to Counts I, IV, V, and VI; and it is further

**ORDERED** that Plaintiff has leave to file an amended complaint as to Counts I, IV, V, and VI no later than **fourteen (14) days after entry of this Order**.

**ORDERED** that Plaintiff shall perfect service of process of the Complaint and/or any amended complaint no later than **fourteen (14) days after entry of this Order**; and it is further

**ORDERED** that because discovery commenced on September 5, 2017 and completed on November 13, 2017 pursuant to Bankruptcy Local Rule ("BLR") 7016-1(a)(1) & (b)(2)(C), while the Motion was under consideration, discovery shall commence again on **the date of entry of this Order** and must be completed no later than **ninety (90) days thereafter**.

The Clerk is directed to serve a copy of this Order upon Plaintiff, counsel for Plaintiff, Defendant, Counsel for Defendant, and the United States Trustee.

**[END OF DOCUMENT]**